ASA RICHARDS AND LEIGHTON RICHARDS v. WILLIAM PETER.

*Waters and water-courses—Obstruction—Damages—Rights of riparian proprietors.*

Plaintiffs recovered damages of defendant for obstructing the natural flow of water in a river upon which they owned a water-power and mills propelled thereby, by erecting a dam below said mills and holding logs in said river, thereby setting the water back upon plaintiffs and injuring their business. Defendant pleaded the general issue, with notice of the statute of limitations. In passing upon the errors assigned, the Court hold that the portions of the charge set forth in the opinion state the law of the case substantially as laid down by the Court upon the various subjects involved in the case.

Error to Lapeer.    (Stevens, J.)    Argued January 20, 1888.
Decided May 18, 1888.

Case.    Defendant brings error.    Affirmed.    The facts are
stated in the opinion.

*Geer & Williams,* for appellant, contended:

The rights of riparian proprietors on the same stream are equal; and
if one, by a reasonable use of the stream, as determined by his
necessities for the use he makes of it, the magnitude of his bus-
iness, and all of the other circumstances, injures another, it is
*damnum absque injudia;* citing *Dumont v. Kellogg,* 29 Mich. 423;
*Cary v. Daniels,* 8 Metc. 475; *Pitts v. Lancaster Mills,* 13 Id 158;
*Tyler v. Wilkinson,* 4 Mason, 401; *Hayes v. Waldron,* 44 N. H.
580; *Bliss v. Kennedy,* 43 Ill. 67; *Gould v. Duck Co.,* 13 Gray,
442; *Davis v. Winslow,* 51 Me. 264; *Prentice v. Geiger,* 74 N. Y.
341; *Buchanan v. Log Co.,* 48 Mich. 364; *Mfg. Co. v. Mfg. Co.,*
39 Conn. 576; *Parker v. Hotchkiss,* 25 Id. 321; *Pool v. Lewis,* 41
Ga. 162; *Hetrich v. Deahler,* 6 Penn. St. 32; *Whaler v. Ahl,* 29
Id. 98; *Merrifield v. Worcester,* 110 Mass. 216

*J. B. Moore,* for plaintiffs, contended for the rules as laid
down in the charge.

SHERWOOD, C. J.    Sometime prior to 1872, the plaintiffs
owned a water privilege on Flint river, in the village of
Columbiaville, in Lapeer county.    A dam was built across
the river, and a race constructed, upon which the plaintiffs
had a saw-mill and a grist-mill, with such capacity as to
enable them to be run profitably.

The plaintiffs' claim is that in 1872 the defendant, with-
out their consent, erected a dam across the river about three-
quarters of a mile below their mills, which had the effect to
set back the waters so far up the stream as to impair their
power, and greatly injure and lessen the capacity of their
mills; and that in 1876 and 1877 the defendant rebuilt his
dam, and made it still higher; that he caused spiles to be
driven into the bed of the stream below the plaintiffs' mills

and that of the defendant, and filled the bends of the stream from bank to bank with logs, thereby setting water back so that it stood from 22 to 60 inches deep on the aprons or wheel pits of the plaintiffs' mills, which rendered it impossible to run either of the plaintiffs' mills, except at an actual loss, and thereby they sustained great damage; and it is for this damage, and to recover the same, that this suit is brought

The declaration was in the usual form in such cases. The defendant pleaded thereto the general issue, with notice that he would show that the plaintiffs' claim was barred by the statute of limitations.

The cause was tried by jury and the plaintiffs recovered a judgment for $3,005. Defendant brings error.

There was testimony tending to show that the defendant built his dam and obstructed the natural flow of the waters down the river, and thereby the plaintiffs' mill-power and business were injured, and the extent of the damages arising therefrom. The verdict is for the plaintiffs, and unless there was some error in the several rulings of the court under which this result was reached the judgment must be permitted to stand.

Fifty-nine errors are assigned. Forty relate to the exceptions urged in taking the testimony. We have given these such attention as their importance severally challenges, and we find none that we think should be sustained. However much we may feel inclined to differ with the conclusion reached by the jury upon the facts as the testimony tends to prove them, it is not our privilege to review such findings.

The defendant's counsel presented sixteen requests to charge, each of which was refused, except as given in the general charge, and three exceptions were taken to the latter.

An examination of the charge has satisfied us that none of these exceptions are well taken. All that was proper to be

given to the jury of the defendant's requests was given in the charge of the court. We think the case was fairly submitted to the jury upon the theory of each party, upon the claim of their respective counsel and the testimony in the case.

The court instructed the jury as follows:

" In respect to the proposition made by defendant, that in no event can he be held responsible for any injury that may have been shown to have resulted in placing the obstruction in the river six years prior to the commencement of this suit, you are instructed that such is the law."

The circuit judge further charged the jury—

" That a lower proprietor of a stream is not authorized to set back the water on the premises of another by maintaining a dam; neither is it permissible, by causing log jams, nor by collecting logs in large quantities in the river, to raise the water above the usual and ordinary level, and thereby set it back upon the upper proprietors, so as to impede and delay the running of their mills.

" By this you are not to understand that the defendant had not the right to build a dam upon his own land, nor that he was not authorized to boom or store his logs in the river where the same passed through his premises. The defendant had the same right to use and enjoy the water privilege upon his premises that the plaintiffs had upon theirs; and defendant unquestionably had the right to use the water in the river in running his logs down the stream in the usual and ordinary manner in which logs are shown to have been customarily run down the river; and he also had the right to construct a dam for the purpose of creating a pond in which to store logs, and also to hold and retain his logs in booms constructed along his premises; but in so doing he was obligated to see that the dam, if it was subject to his control, was not constructed so high as to unreasonably set the water back upon the plaintiffs' property; and, in storing and booming his logs or causing jams, it was his duty to see that his logs, if likewise under his control, were not so kept, boomed, or stored in the river as thereby to create a jam which would unreasonably set the water back with injurious effect upon plaintiffs' premises.

" The defendant might reasonably, by either a dam, or by storing or booming logs, or by causing jams, swell or set back the water of the stream in its natural state to the line or

70 MICH. 19

boundary of plaintiffs' land; and it would not be an unreasonable use to maintain and hold the water at such a height by his dam, or so hold it back by means of logs; and this would be so, although at times of freshets the water of his pond, or that was raised by means of logs, might set back on the wheels of plaintiffs' mills to a greater extent than it otherwise would if the defendant had no logs or dam below the plaintiffs' premises.

"And if you find from the evidence that the raising of the water by defendant, by either the dam or the logs, did not, when the water was at the ordinary height, uninfluenced by freshets, or by the acts of others for which the defendant should not be held responsible, set it back upon plaintiffs' mills, your verdict should be for defendant."

Upon the subject of damages the court charged the jury:

"If it is shown that the plaintiffs have sustained any injury under such circumstances that he [the defendant] should be held liable, in that case, if it is shown by the evidence that such injury might have been diminished or averted by a moderate expenditure of money or labor, it was the plaintiffs' duty to have made the injury as light as possible, and not in any way to aggravate it; and this, you are instructed, is the law that should govern you in your deliberations. And if you should conclude that under the evidence the defendant should be held responsible, in determining as to the amount of the injury you should consider whether the plaintiffs, by keeping the mills in repair, or by repairing and keeping up their dam could have continued to operate their mills at a profit.

"The plaintiffs would not be authorized, merely because at times the defendant caused the water to be set back on their mill-wheels, or for the reason that he caused it to be set back so as to partially obstruct the operation of their mills, to entirely abandon their use, unless you are satisfied that the effect of such obstruction was to so set the water back there so much of the time, or so continuously, and to such extent, as to render it impossible to continue to operate their mills with any degree of profit to them.

"Now, gentlemen, in view of what has been said to you, if, under the law and the evidence, you shall reach the conclusion that the plaintiffs are entitled to recover damages from the defendant, it is incumbent upon you to act with care and caution in determining as to what, if anything, the defendant

should be required to pay in satisfaction of the injury result-
ing to the plaintiffs on account of their mills having been
rendered by him or under his direction less productive or
profitable than they otherwise would have been.   *   *   *   If
the damages clamed by the plaintiffs, and which you find to
be proven by the evidence, were not wholly caused by the
action or under the direction of the defendant, but were
caused in part by other or natural causes irrespective of the
defendant, such as high water arising from freshets or
storms, or from the neglect of plaintiffs to use reasonable
efforts to avert as much as possible the injury, defendant
should not be held responsible for consequences not clearly
shown by the evidence to be chargeable to him; neither
should any damages be allowed for any speculative or imag-
inary injury. In other words, in the event of plaintiffs'
recovering anything, it must be such damages as are clearly
deducible from the evidence, as a result of the grievance
complained of."

We think these clauses from the charge which I have
quoted state the law substantially as this Court has approved
of it in its decisions upon the various subjects treated, several
of which are referred to in the briefs of counsel upon both
sides, and the reference need not be repeated here. We
think the defendant has no cause for complaint.

Finding no error in the record, the judgment must be
affirmed.

CHAMPLIN, MORSE, and CAMPBELL, JJ., concurred. LONG,
J., did not sit.